SEIGAFOLAVA R. PENE and CARMENCITA PENE, Appellants

v.

AMERICAN SAMOA POWER AUTHORITY and
ABE MALAE, Appellees

High Court of American Samoa
Trial Division

AP No. 3-89

April 21, 1989

Before REES, Associate Justice.

Counsel: Appellants Ropati S. Pene and Carmencita
Pene pro se
For Appellees, Robert A. Dennison III

On "Motion for Clarification" and Motion to Dismiss:

Notice of this appeal was given on February 10, 1989. Along with notice of the appeal, the pro se appellants moved for a waiver of transcript costs. This request was denied on February 21.

On March 3 the appellants filed a "statement of the issues to be presented on appeal." On March 6 the appellees filed an objection to this statement, alleging that it contained evidence that was not in the record. In this document, appellees "request[ed] that the Trial Court settle Appellees['] objections and approve a record on appeal excluding the objectionable matters presented in Appellant[s'] filing."

Later on March 6, the trial judge ruled that "the record on appeal is the Trial Court's findings unless there is an agreed statement." (There was and is no agreed statement.) This ruling was handwritten at the bottom of appellees' objection. It appears that neither the Clerk nor counsel for appellees caused it to be served on appellants.

On March 6, and again on March 13, the Clerk notified appellants that they had thirty-five days from March 3, in accordance with Appellate Rule 3(c) as amended in 1986, to file their brief.

On April 10 appellant S.R. Pene filed a "motion for clarification of court order and or interpretation of court procedures." In this document he complains that the Clerk used the wrong number on one of the notices, that the Clerk had no authority to tell him he has thirty-five days in which to file his appeal, and that the trial court had not yet ruled on appellees' request for a record on appeal. The implication, presumably, is

28

that appellants should have had a longer time in which to file their appeal.

On April 21 appellees filed a motion to dismiss, on the ground that appellants' brief was due on April 12 at the latest, that they did not request an extension, and that their appeal is frivolous.

Appellees are correct to point out that appellants' brief was due on April 12 at the latest. See Appellate Court Rule 31(a). (Actually, since appellants did not request a transcript, Rule 3(c) as amended rather than Rule 31(a) was applicable to this case. The Clerk has indicated, however, that until recently the amended copy of this rule had not been inserted into the copy of the Rules in the High Court library, which is the only copy available to the public.) Even if the trial judge had not ruled on appellees' objection, this would not have extended the deadline on appellants' brief.

Appellant S.R. Pene was negligent in ignoring the clerk's notice for almost a month before asking for a "clarification" or "interpretation" of it. He was also negligent in assuming that his filing deadline would be automatically extended until after the trial court had ruled on appellees' motion for a statement of the record. This negligence contributed substantially to his missing the filing deadline.

On the other hand, the failure of either the Clerk or counsel for appellees to serve appellants with a copy of the March 6 ruling, and the inadvertent omission of Rule 3(c) as amended from the library copy of the Rules, were also contributing factors. Moreover, the obvious import of appellant's "motion for clarification," which was filed on April 10, is that he wanted more time to file his brief. The Court will therefore interpret this document as a request for an extension of time to file the brief, and will grant appellants ten days from today in which to file their brief. The brief will be due on May 1, 1989. There will be no further extensions.

Insofar as appellees' motion to dismiss is grounded on the frivolity of the appeal, it is deferred until the next regular session of the Appellate Division. Appellees may also seek review

29

of the remainder of this order by the entire Appellate Division at the next regular session thereof.

It is so ordered.